# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re:<br><br>Romulo A. Rodrigues- Aguiar,<br>Debtor<br><br>Shamrock Finance LLC,<br>Plaintiff<br><br>v.<br><br>Romulo A. Rodrigues-Aguiar<br>Defendant | April 12. 2016<br><br>Chapter 7 Case No. 15-12640.<br><br>**ADVERSARY PROCEEDING**<br>**No. 16-01020** |

# ANSWER

1. Defendant, Romulo A. Rodrigues-Aguiar ("Defendant"), admits the allegations contained in complaint paragraphs 1, 2, 3, 4, 5, 16, 24, 29, 31

2. Defendant, Romulo A. Rodrigues-Aguiar., denies the allegations contained in complaint paragraphs 7, 8, 9, 10, 12, 13, 18, 19, 20, 21, 22, 23, 25, 26, 27, 28, 30, 33

3. In response to the allegations contained in complaint paragraph 6 Defendant denies that he personally conducted the business of acquiring and selling various motor vehicles. Defendant states further that this was the business of Supreme Cars, Inc. ("Supreme," herein.) Supreme was the Defendant's wholly owned corporation until its June 15, 2015 entire sale (Ex. 1)

4. In response to the allegations contained in complaint paragraph 11 Defendant has insufficient information to respond to a statement of Shamrock's usual course of business. Defendant denies that Shamrock financed motor vehicles for Defendant personally. The allegations of complaint paragraph 11 stand in contradiction to their paragraph 13 counterparts.

5. In response to the allegations contained in complaint paragraph 14 Defendant has insufficient knowledge on which to base an answer. On information and belief, Supreme's present owners are in possession of Supreme's books and records (Ex 1). The Defendant lacks access because he relinquished all of his ownership of Supreme in a June 15, 2015 sale.

6. In response to the allegations contained in complaint paragraph 15 Defendant has insufficient knowledge on which to base an answer. On information and belief, Supreme's present owners are in possession of Supreme's books and records (Ex 1). The Defendant lacks access because he transferred all of his ownership of Supreme in a June 15, 2015 sale.

7. For purposes of responding to Count I Defendant restates each and every preceding response.

8. In response to the allegations contained in complaint paragraph 17 Defendant denies that he personally and alone obtained financing services from Shamrock. This was the business of Supreme.

9. For purposes of responding to Counts II and III Defendant restates each and every preceding response.

10. In response to the allegations of paragraph 32, Defendant denies each and every factual assertion of conduct. Defendant denies the state of mind asserted. Defendant denies that any of the acts alleged took place and that if they did take place they were not accompanied with willful or malicious intent to injure Shamrock.

### FIRST AFFIRMATIVE DEFENSE

Defendant states that the acts of which Plaintiffs complain were done with the knowledge and consent of Plaintiffs.

## SECOND AFFIRMATIVE DEFENSE

The complaint should be dismissed for failure to state a claim upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

The acts complained of were not committed by a person or entity for whose conduct Defendant was legally responsible.

## FOURTH AFFIRMATIVE DEFENSE

In entering into the transactions complained of Plaintiff assumed all of the business risks.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Losses if any were not the result of any action or inaction of Defendant. Plaintiff's losses, if any were the result of its own negligence.

## SIXTH AFFIRMATIVE DEFENSE

ILLEGALITY. The alleged agreements recite a usurious rate of interest. The alleged agreements are therefore unenforceable in whole or in part.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent Defendant had any obligations to Plaintiff, such obligations have been fulfilled and excused or waived

## EIGHTH AFFIRMATIVE DEFENSE

To the extent Defendant ever owed any money or property to Plaintiff Defendant has made full payment thereof.

### NINTH AFFIRMATIVE DEFENSE

If the Defendant ever entered into any writing that supports any of Plaintiff's allegations, he did so unknowingly since he does not read or understand English

### TENTH AFFIRMATIVE DEFENSE

If Defendant ever entered into a contract or contracts referred to in the complaint, he did so as a result of the false and fraudulent misrepresentation, knowingly and willfully made to him by the Plaintiff, wherefore Plaintiff is barred from relief under the doctrine of unclean hands

WHEREFORE, Defendant Romulo Aguiar respectfully requests that this Honorable Court grant judgment in his favor on all counts and for such further or alternative relief as this Honorable Court deems meet and just

>Respectfully submitted,
>Romulo Aguiar
>By his Attorney

>/s/ James Hayes   04/12/2016
>James P. Hayes BBO 225790
>Attorney for Respondent
>Attorney James Hayes and Associates
>82 Otis Street, Unit One
>Cambridge, MA 02141-1719
>Phone:  (617) 547-7771
>Fax:  (617) 491-5145
>james.ace@comcast.net